**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Hubbard, | No. CV-24-00237-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Zions Debt Holdings LLC, | |
| Defendant. | |

At issue is Plaintiff Patricia Hubbard's Motion for Default Judgment (Docs. 12, 12-1, "Mot."), in which Plaintiff also moves for attorney's fees.

**I.   BACKGROUND**

Years ago, Plaintiff entered into a contract with a home security company for an alarm monitoring service that she paid for monthly. (Doc. 1, "Compl." ¶¶ 11–12.) Plaintiff cancelled the service in 2018, but the company continued to bill her, eventually claiming that Plaintiff had accrued a "past due balance." (Compl. ¶¶ 13–16.) Defendant Zions Debt Holdings LLC then purchased that "debt." (Compl. ¶¶ 16.) In April 2023, Defendant communicated to Plaintiff that she owed $960.91 but offered to settle for $500. (Compl. ¶¶ 17–18.) Defendant also provided Plaintiff an invoice indicating that the $960.91 sum included $341.41 in interest charges and $60 in late fees. (Compl. ¶ 20.)

Plaintiff primarily alleges that she owed no money for the service. (Compl. ¶ 15.) She also alleges that "the contract between . . . Plaintiff and Defendant does not allow for the imposition of hundreds of dollars of interest" and allows only "a single, one-time

charge, of up to $5 per late payment." (Compl. ¶ 21–22.) Defendant did not provide Plaintiff with notice of any rights to dispute the debt, and Defendant did not disclose to Plaintiff that Defendant is a debt collector. (Compl. ¶ 23–24.) Defendant also reported the inflated balance to the credit reporting agencies, which "ruin[ed]" Plaintiffs credit. (Compl. ¶ 25.) Defendant's actions harmed Plaintiff financially and caused her anxiety and emotional distress. (Compl. ¶¶ 26–27.)

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by attempting to collect an amount it knew Plaintiff did not owe, making false representations, failing to disclose that it was a debt collector, and failing to inform Plaintiff of her rights. (Compl. ¶¶ 28–38.) Plaintiff seeks statutory damages, actual damages, and attorney's fees. (Compl. ¶ 39.)

Defendant has not timely appeared, and the Clerk has entered default. (Doc. 10.)

## II.   LEGAL STANDARD

After default is entered, the Court may enter default judgment pursuant to Federal Rule of Civil Procedure 55(b). The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The Court considers the following factors in deciding whether default judgment is warranted: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III.   ANALYSIS

**A.     Possibility of Prejudice**

The first *Eitel* factor weighs in favor of default judgment. Defendants failed to respond to the complaint or otherwise appear in this action despite being served with the Complaint and the Motion for Default Judgment. (Docs. 7, 12-5.) The Court is satisfied that if Plaintiff's Motion is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This prejudice to Plaintiff supports the entry of default judgment.

**B.     Merits of the Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently "state[s] a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978).

Plaintiff seeks relief under the FDCPA because Defendant attempted to collect an amount it knew Plaintiff did not owe, made false representations, did not disclose that it was a debt collector, and failed to inform Plaintiff of her rights to dispute the debt. (Compl. ¶¶ 35–37.) As a threshold matter, Defendant must be a "debt collector" collecting a debt incurred by Plaintiff for "personal, household, or family purposes" and Plaintiff must be a "consumer" within the meaning of the FDCPA. 15 U.S.C. § 1692e(1), (3), (6).

These threshold concerns are satisfied. Plaintiff alleges that she is a natural person and a consumer within the meaning of the FDCPA and that Defendant is in the business of purchasing default debts and collecting on them. (Compl. ¶¶ 5, 7, 9.) Plaintiff is therefore a "consumer . . . obligated to pay any debt" and Defendant is a "debt collector . . . who regularly collects . . . debts." 15 U.S.C. 1692a(3), (6). The record also indicates that Plaintiff's debt originates from a contract with a home security company. (Compl. ¶¶ 11–15.) Her debt is thus a "personal, household, or family" debt under the FDCPA. 15 U.S.C. § 1692e(5).

As for Defendant's violations of the FDCPA, Defendant attempted to collect on a debt that was not owed, in violation of 15 U.S.C. § 1692f(1). Defendant also made false

representations as to the amount owed[1] and failed to disclose that it is a debt collector, in violation of 15 U.S.C. § 1692e(2) and (11). Defendant also failed to provide Plaintiff with the required notice of her rights to dispute the debt, in violation of 15 U.S.C. § 1692g.

Because the well-pled factual allegations of the complaint are deemed true upon default, Plaintiff has shown that Defendant violated the FDCPA. *Geddes*, 559 F.2d at 560. The second and third factors favor default judgment.

### C. Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks $1,000 in statutory damages and $5,000 in actual damages. (Mot. at 5–9.) The Court finds that, as alleged, Defendant's violations of the FDCPA were serious. Defendant misrepresented that Plaintiff owed a debt, failed to disclose that it is a debt collector, disrupted Plaintiff's credit, and failed to inform her of her rights. (Compl. ¶¶ 28–38.) This factor weighs in favors default judgement.

### D. Possible Dispute Concerning Material Facts

Considering the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177. This factor weighs in favor of default judgement.

### E. Whether Default Was Due to Excusable Neglect

Plaintiff properly served Defendant with the Summons and Complaint (Doc 7), yet Defendant has failed to appear. Plaintiff has also identified several other defaults against Defendant in other cases and suggests that this is Defendant's "*modus operandi*."[2] (Mot.

---

[1] Plaintiff seems to argue, in part, that Defendant made false representations as to the amount owed because it "arbitrarily tack[ed] on hundreds of dollars in interest and fees that the underlying contract never authorized," having stated in the Complaint that "the contract between the Plaintiff and Defendant does not allow for the imposition of hundreds of dollars of interest." (Mot. at 2; Compl. ¶ 21.) Although the Complaint alleges a contract between Plaintiff and the security company, it does not adequately allege a contractual relationship between Plaintiff and Defendant. Plaintiff therefore cannot establish that Defendant should be held to the terms of the contract. However, because Plaintiff alleges that she owed *nothing*, her allegation that Defendant attempted to collect on a debt at all is sufficient to show that Defendant made false representations as to the amount owed.

[2] *See, e.g.*, *Snyder v. Portfolio Recovery Assocs. LLC*, 2:23-cv-00535-EWH-RJK, at

- 4 -

at 18.) It is therefore unlikely that Defendant's failure to answer and the resulting default were due to excusable neglect. *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This factor weighs in favor of default judgment.

### F.  Policy Favoring a Decision on the Merits

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Defendant has not answered in this case—or in other similar cases—making a decision on the merits "impractical, if not impossible." *Gemmel*, 2008 WL 65604 at *5. The Court therefore is not precluded by this factor from entering default judgment against Defendant. *See PepsiCo*, 238 F. Supp. 2d at 1177; *Gemmel*, 2008 WL 65604, at *5.

## IV.  DAMAGES

Plaintiff requests $1,000 in statutory damages under 15 U.S.C. § 1692k. (Compl. ¶ 39; Mot. at 5.) Section 1692k provides that a debt collector who violates the FDCPA is liable for actual damages and, "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). In determining whether to award statutory damages, the Court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Plaintiff has set forth sufficient facts demonstrating Defendant's serious and intentional violations of the FDCPA, and thus the Court awards Plaintiff $1,000 in statutory damages.

Plaintiff also seeks $5,000 in actual damages. (Compl. ¶ 39; Mot. at 6–9.) She alleges Defendant's conduct caused her to suffer anger, anxiety, emotional distress, frustration, and embarrassment. (Compl. ¶ 27.) She states that she is eighty-six years old

---

Doc. 24 (E.D. Va. Feb. 2, 2024); *Vazquez v. Zions Debt Holdings, LLC*, 1:23-cv-22689-KMM, at Doc. 12 (S.D. Fl. Sept. 1, 2023); *Archer v. Experian Info. Sols., Inc.*, 8:23-cv-02888-JSM-CPT, at Doc. 22 (M.D. Fl. Jan. 18, 2024).

and living off a fixed income, so she feared that any money Defendant threatened to take from her "was going to bite into the funds [she] need[s] for [her] daily living expenses." (Doc. 12-2, "Pl. Dec." ¶ 5.) She became very nervous and lost sleep. (Pl. Dec. ¶ 5.) Defendant's conduct also adversely affected her credit. (Pl. Dec. ¶ 6.)

The Ninth Circuit has stated that damages stemming from emotional distress are compensable under the FDCPA. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982). And this Court has previously found $5,000 to be an appropriate award in similar circumstances. *See, e.g.*, *Perkons v. Am. Acceptance, LLC*, No. CV-10-8021-PCT-PGR, 2010 WL 4922916, at *3–4 (D. Ariz. Nov. 29, 2010); *Kajbos v. Maximum Recover Sols., Inc.*, No. CV 09-1206-PHX-MHM, 2010 WL 2035788, *3–5 (D. Ariz. May 20, 2010). Because Defendant's actions caused Plaintiff emotional distress over her daily finances and her credit, the Court will award Plaintiff $5,000 in actual damages.

## V. ATTORNEY'S FEES

Lastly, Plaintiff seeks attorney's fees and costs under the FDCPA. (Mot. at 9–14.) Plaintiff has not filed a separate Motion for fees but has included in the Motion for Default Judgment sufficient information to satisfy the requirements of Local Rule of Civil Procedure 54.2. Pursuant to Local Rule 7.2(i) the Court deems Defendant's failure to respond to Plaintiff's request for fees Defendant's consent to the granting of Plaintiff's request. Nonetheless the Court independently reviews Plaintiff's counsel's fee request for reasonableness. 15 U.S.C. § 1692k (authorizing a reasonable attorney fee as determined by the court).

The Court finds the hourly rate charged by counsel to be within the market rate for the Phoenix area and consistent with the factors for reasonableness set forth in Local Rule 54.2(c)(3). The number of hours billed for the actions necessary in this truncated matter—investigating and formulating the complaint, contacting the credit bureaus, and filing for default—are reasonable given the quantum of conduct and activity by Defendant that required attention, analysis, and understanding. The Court finds the requested amount of fees reasonable, as it does Plaintiff's requested amount for costs. (Mot. at 9–14.)

1 **IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Default Judgment (Doc. 12).

**IT IS FURTHER ORDERED** that, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Clerk of the Court shall enter Judgment in favor of Plaintiff and against Defendant in the total principal amount of $6,000.00. This amount shall bear post-judgment interest at the federal rate from the date of Judgment until paid.

**IT IS FURTHER ORDERED** granting Plaintiff's request for attorney's fees and awarding Plaintiff $6,615.00 in attorney's fees and $495.00 in costs.

Dated this 30th day of April, 2024.

Honorable John J. Tuchi
United States District Judge